Roxie C. **ALLEN** et al., Appellants,

v.

**AETNA CASUALTY & SURETY COMPANY** et al., Appellees.

No. 18006.

Court of Civil Appeals of Texas, Fort Worth.

May 18, 1978.

Rehearing Denied June 15, 1978.

Joe K. Longley, Austin, Wallace S. Craig, Hurst, for appellants.

Harris & Harris, Jack E. Harris, Arlington, for Safeco Ins. Co. of America.

Brown, Crowley, Simon & Peebles, George A. Crowley, Fort Worth, for United Services Auto. Ass'n.

Thompson, Coe, Cousins & Irons, R. B. Cousins, Craig Eggleston, Dallas, for Members Mut. Ins. Co.; Sec. Nat. Ins. Co.; State Farm Mut. Auto. Ins. Co.; Trinity Universal Ins. Co.; American Gen. Fire & Cas. Co.; Allstate Ins. Co.; Hartford Cas. Ins. Co.; Government Emp. Ins. Co.; United States Fire Ins. Co.

Touchstone, Bernays & Johnston, Jim E. Cowles, R. Brent Cooper, Dallas, for St. Paul Ins. Co.; Texas Farmers Ins. Co.

Strasburger & Price, Royal H. Brin, Jr., Dallas, for Gulf Ins. Co.

Greenberg & Bach, Robert M. Greenberg, Dallas, for Aetna Cas. & Sur. Co.; Standard Fire Ins. Co.; United States Fidelity & Guarantee Co.

Cantey, Hanger, Gooch, Munn & Collins, William B. David, Fort Worth, for Emp. Cas. Co.

McBryde, Bogle & Green, John McBryde, Fort Worth, for Travelers Indem. of Rhode Island.

Watson, Kennedy & McCall, Keith W. Kennedy, Waco, for Southern Farm Bureau Cas.

## OPINION

SPURLOCK, Justice.

Roxie C. Allen, Connie D. Barker, John T. Goodin and Amos Howard, on behalf of themselves and "all other persons or entities similarly situated", sued twenty insurance companies. By their fourth amended original petition, plaintiffs alleged that each defendant issues insurance policies containing a "personal injury protection" endorsement, but that each such policy is contrary to the statutory provisions of Tex. Ins.Code Ann. art. 5.06–3 (1963 to 1977 Pamphlet Supp.). Plaintiffs further alleged that each "personal injury protection" endorsement provides for compensation for 80% of loss of income, whereas Tex.Ins.Code Ann. art. 5.06–3 requires "payment of benefits for loss of income as the result of the accident . . .." Further, plaintiffs allege that the defendants have acted in "common concert and combination to procure and entice the promulgation of the existing form of the Texas Family Automobile Endorsement as approved by the Texas State Board of Insurance . . .."

As recited in the court's order of November 11, 1977, the court considered the motion of Travelers Indemnity of Rhode Island at a pre-trial hearing as to whether to require the joinder of the State Board of Insurance of the State of Texas as a party, pursuant to Tex.R.Civ.P. 39. Said motion was adopted by the other defendants. The trial court gave the plaintiffs an opportunity to join the State Board of Insurance, but upon the plaintiffs' failure to do so after reasonable notice, the court dismissed the plaintiffs' suit. From the trial court's order of dismissal, the plaintiffs have perfected their appeal.

We affirm.

The sole point of error assigned by the plaintiffs is that "(T)he trial court erred in ruling that the Texas State Board of Insurance is a necessary and proper party . . .."

In considering this point, it is essential that Tex.R.Civ.P. 39 be studied very carefully. This rule became effective on January 1, 1971, and although the caption is not controlling, the caption is "Joinder of Persons Needed for Just Adjudication." The relevant portion of the rule to the case at bar is Tex.R.Civ.P. 39(a), which provides:

"(a) Persons to be Joined if Feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the

subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. . . ."

At the outset, we note that Rule 39(a) is not written in terms of "necessary" or "proper" or "indispensable" or "insistible" or "conditionally necessary" parties. Prior to the 1971 amendment of Rule 39, Texas courts used these terms in an effort to catalogue parties.

As our supreme court wrote in *Cooper v. Texas Gulf Industries, Inc.,* 513 S.W.2d 200, 204 (Tex.1974):

"Contrary to our emphasis under Rule 39 before it was amended, today's concern is less that of the jurisdiction of a court to proceed and is more a question of whether the court ought to proceed with those who are present. . . ."

The basis of plaintiffs' complaint is that the defendants' insurance policies (through the "personal injury protection" endorsement) provide for the payment of 80% of lost wages rather than 100% of said lost wages.

Tex.Ins.Code Ann. art. 5.06–3(f) (1963 to 1977 Pamphlet Supp.) provides in part that:

"The State Board of Insurance is hereby authorized to prescribe the form, or forms, of insurance policies, including riders and endorsements, to provide, the coverage described in this article. The Board shall also prescribe the premium rates under the provisions of this Subchapter A, Chapter 5, Texas Insurance Code. . . ."

Pursuant to this statutory authorization, the State Board of Insurance promulgated the "personal injury protection" endorsement used by the defendants herein.

Tex.Ins.Code Ann. art. 5.06 (1963) provided:

"In addition to the duty of approving classifications and rates, the Board shall prescribe policy forms for each kind of insurance uniform in all respects except as necessitated by the different plans on which the various kinds of insurers operate, and no *insurer shall thereafter use any other form in writing automobile insurance in this State; provided, however, that any insurer may use any form of endorsement appropriate to its plan of operation, provided such endorsement shall be first submitted to and approved by the Board; and any contract or agreement not written into the application and policy shall be void and of no effect and in violation of the provisions of this subchapter, and shall be sufficient cause for revocation of license of such insurer to write automobile insurance within this State.*" (Emphasis added.)

By their fourth amended original petition, plaintiffs seek (1) designation of the cause as a class action, (2) a permanent injunction against these insurers, (3) fifteen million dollars as damages with interest thereon at 9%, (4) a 12% penalty pursuant to Tex.Ins.Code Ann. art. 5.06–3(d)(3), (5) recovery of treble damages under the Texas Deceptive Trade Practices Act and injunctive relief for plaintiffs in their individual capacities, and (6) attorney's fees and costs.

If plaintiffs received the relief they seek without the joinder of the State Board of Insurance as a party, these defendants would in effect be required to issue policies in conflict with the personal injury protection endorsements promulgated by the State Board of Insurance. Additionally, as a result of issuing non-conforming policies, these twenty insurers would be subjected to revocation of their licenses to write automobile insurance within the State. Also, the defendants would be required to pay larger benefits than other insurance companies doing business in the State. Of course, if the State Board of Insurance is not a party to the litigation, it cannot be bound. It is obvious that complete relief would not be afforded by a decree issued in the absence of the State Board of Insurance as a party.

Plaintiffs do not dispute the fact that the State Board of Insurance is subject to service of process.

We hold that the trial court was correct in ordering the plaintiffs to join the State Board of Insurance as a party, since in its absence, complete relief cannot be afforded. Upon the plaintiffs' refusal after reasonable notice to join the State Board of Insurance, the trial court's order of dismissal was proper. We overrule appellants' sole point of error.

The judgment of the trial court is affirmed.

### OPINION ON MOTION TO DISMISS

 Two of the appellees in this case, St. Paul Insurance Companies and Texas Farmers Insurance Company, have filed a motion to dismiss the appeal of three of the appellants (Connie D. Barker, John T. Goodin, and Amos Howard) for lack of jurisdiction. (Several motions to adopt the motion to dismiss have been filed by other appellees in the case.) These appellees assert that we should dismiss because no cost bond has been filed by these three appellants. We disagree.

The cost bond filed in this case makes it clear that all of the plaintiffs are appealing from the judgment of the trial court. The bond, in the amount of $500.00, is made payable to the clerk of the court. The sureties on the appeal bond are Roxie C. Allen, Wallace Craig, and Lawyers Surety Corporation. By construction, Allen is a principal and not a surety. These appellees' motion to dismiss is based upon the premise that each of the appellants must execute the appeal bond in order for this court to acquire jurisdiction as to each appellant.

The requirements regarding appeal bonds are prescribed by the Texas Rules of Civil Procedure. Generally, appeal bonds are given a liberal construction by the Courts. 4 Tex.Jur.2d Rev. Part 1 *App. & Err.—Civil Cases* § 272 at 105 (1974). Jurisdiction is not defeated by the mere fact that only one of several appellants has signed the bond, if the bond itself shows that several appellants are participating in the appeal. 4

Tex.Jur.2d Rev. Part 1 *App. & Err.—Civil Cases* § 283 at 116 (1974); *Cross v. Hancock's Estate,* 176 S.W.2d 586 (Tex.Civ.App.—Amarillo 1943, writ ref'd w.o.m.); *Hodges Drilling Co. v. Tyler,* 233 S.W. 548 (Tex.Civ.App.—Fort Worth 1921, writ dism'd). We consider these to be controlling, because (1) the appeal bond clearly shows that it is the intent of all the plaintiffs to appeal from the judgment of the trial court, (2) the bond is made payable to the clerk of the court in the amount of $500.00, and (3) the appeal bond is signed by Roxie C. Allen, Wallace Craig, and Lawyers Surety Corporation, and (4) even if this were a defect of substance or form in the appeal bond, then under Tex.R.Civ.P. 430, this court is authorized to allow the appellants to amend the appeal bond by filing a new bond on such terms as this court may prescribe. Also see Tex.R.Civ.P. 404.

The motion to dismiss the appeal of these three appellants is overruled.