Romeo **LONGORIA**, David Longoria, Roberto Longoria, Miguel Angel Vera, Sylvia Codina Longoria, Humberto Alvarez, Romeo O. Hinojosa, Thelma Longoria Lopez, Alicia M. Longoria McFarlin, Arnaldo Joel Hinojosa, Gloria Lee Vera, Maria L. Segina, José Maria Longoria, Jr., Homero Arturo Longoria, Belia V. Rock, Edna Nora Alvarez Rothwell, Sylvia S. Guerra, Henry J. Longoria, Jesus J. Vera, Rita Sue V. Barrera, Dora Codina Dovalina, Arnoldo L. Alvarez, Dr. Lucas H. Hinojosa, Noelia M. Hinojosa Pena, Isaac Longoria, Edna L. Wright, Gladys Longoria, Roberto C. Longoria, Jr., Rosa Vera, Juan Diego Saenz, Aida G. Olguin, Joaquin Codina, III, Renee Michelle Longoria, sole surviving heir of Alma R.V. St. De Malo, Estate of Rene R. Vera, deceased, Gerardo Alvarez, M.A. "Andy" Longoria, Arturo Alvarez, Josefina Vera, and Jose E. Vera, Appellants,

v.

**EXXON MOBIL CORP.**, Exxon Mobil Oil Corporation, Shell Oil Company, SWEPI LP d/b/a Shell Western E & P, Shell Gas Trading Company, Wynn–Crosby Energy, Inc., Wynn–Crosby 1996, Ltd., Wynn–Crosby 1999, Ltd., Cody Energy, L.L.C., Cody Energy, Inc., Dominion Oklahoma Texas Exploration & Production, Inc., Hector Lopez, and Gloria Lopez, Appellees.

No. 04–06–00474–CV.

Court of Appeals of Texas, San Antonio.

Jan. 30, 2008.

James R. Harris, Andrew M. Greenwell, Harris & Greenwell, L.L.P., Corpus Christi, TX, for Appellants.

William J. Boyce, Daniel M. McClure, Carol S. Butner, Graig J. Alvarez, William D. Wood, Fulbright & Jaworski L.L.P., Larkin C. Eakin, Jr., Ruth A. Brenton, Munsch, Hardt, Koff & Harr, G. Edward Pickle, Timothy E. Gehl, Shell Oil Company, Houston, Darrell L. Barger, Ann Hennis, Hartline, Dacus, Barger, Dreyer & Kern, L.L.P., James W. Wray, Jr., Robert Anderson, Sorrell, Anderson, Lehrman, Maixner & Ridulfo, L.L.P., Corpus Christi, W. Wendell Hall, Fulbright & Jaworski L.L.P., San Antonio, Karen L. Watkins, Travis C. Barton, Patton G. Lochridge, McGinnis Lochridge & Kilgore, Austin, J. Robert Beatty, Locke Liddell & Sapp, L.L.P., Dallas, Edmundo O. Ramirez, Ellis, Koeneke & Ramirez, McAllen, TX, for Appellees.

Sitting: KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice, STEVEN C. HILBIG, Justice.

## OPINION

Opinion by STEVEN C. HILBIG, Justice.

Romeo Longoria and forty-one other appellants ("the Longorias") contend their ancestor, Jose M. Longoria, acquired an undivided one-half interest in 9200 acres of land in Brooks County by adverse possession before the mineral estate was severed from the surface. The Longorias have sued eleven energy companies ("the energy company defendants") and Hector and Gloria Lopez, who allegedly hold or have held record title to the minerals in part of the 9200 acres. In this suit, the Longorias seek to establish title to an undivided one-half of the mineral estate claimed by the defendants, a declaration removing the cloud on the Longorias' title, an accounting of the mineral production and income from such property and damages for conversion of their share of the net production for minerals extracted from the property since limitations title was perfected. The trial court dismissed the Longorias' suit for failing to join "absent mineral interest owners" as parties. The Longorias appeal, arguing the trial court abused its discretion by dismissing the case. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In their original petition, filed in March 2002, the Longorias alleged they own an

undivided one-half interest in the surface and minerals in the 9200 acres and sought a declaratory judgment and damages against the energy company defendants. Over the next several years, the Longorias amended and supplemented their pleadings to add the Lopezes as defendants and to include detailed factual allegations supporting the claim that their ancestor, Jose M. Longoria, acquired title to an undivided one-half interest in the unsevered 9200 acres at least in part by adverse possession. The Longorias asserted that Jose M. Longoria and his brother and sister-in-law, Ponciano Longoria and Maria Rita Villarreal de Longoria, claimed the 9200 acres in 1898, fenced it, surveyed it, and worked it by growing crops and grazing livestock for many years. The Longorias contend that a fraudulent conveyance in 1919, after both Ponciano and Jose M. Longoria had died, a partition suit and judgment in 1924, which divided the entire 9200 acres, and succeeding partition suits, clouded their title. The Longorias pled the partition judgments are void because none of Jose M. Longoria's heirs were made parties to the suits.

In December 2004, the Lopezes and the energy company defendants filed motions pursuant to Texas Rule of Civil Procedure 39(a) to compel joinder of all persons having record title to and royalty interests in the 9200 acres. The trial court denied the motion in March 2005. The following month, the energy company defendants filed a plea to the jurisdiction and motion to dismiss pursuant to Texas Rule of Civil Procedure 39(b). In the motion, the energy company defendants reurged their Rule 39(a) motion to compel joinder and argued alternatively that the case should be dismissed under Rule 39(b) or because the absence of title and royalty interest owners deprived the trial court of jurisdiction to proceed. At the hearing on the motion, the Longorias asserted they were seeking title only to an undivided one-half of the mineral estate held by the defendants and were making no claim to the surface estate. After the hearing, the trial judge sent the parties a letter expressing his concern that even if the Longorias amended their pleadings to abandon their claims to an interest in the surface estate, the judgment they sought could still impair the interests of absent surface and mineral estate owners. The judge suggested an abatement to give the Longorias the opportunity to amend their pleadings or join the absent parties, but stated amending the pleadings alone might not cure his concerns. The trial court then signed an order vacating its earlier order that denied the motion to compel joinder of absent persons, denying defendants' plea to the jurisdiction and motion to dismiss, and abating the case for six months so the parties could amend the pleadings and/or join additional parties.

At the end of the abatement period, the Longorias filed their Third Amended Petition, which contained several causes of action and realleged the facts they contend establish Jose M. Longoria's title to an undivided one-half of the 9200 acres by adverse possession. In the trespass to try title cause of action, the Longorias sought to establish title to an undivided one-half of the mineral estate the defendants purport to own.[1] In the declaratory judgment action, they requested the court declare their ownership interest in the mineral

---

1. The Longorias contend the Lopezes hold record title to 100% of the minerals in approximately 1016 acres, which are not currently under lease, and the energy company defendants are the lessees and record owners of 100% of the minerals in over 6700 acres. The remaining acreage in the 9200 acres is unleased and the mineral estate is owned by persons who were not parties to the suit.

estate made the subject of the suit and clear their title to the mineral estate by holding the 1924 partition judgment and the judgments in the succeeding partition suits are void. With respect to property currently under mineral leases, the Longorias pled they were unleased cotenants and claimed a right to receive the value of one-half of the oil and gas produced, less their proportionate share of costs.[2] The Longorias expressly pled they were not making a claim to any portion of the royalty interest currently owned by a non-party. Recognizing that a finding they own an undivided one-half interest in the mineral estate would have the effect of proportionately reducing the royalties the energy company defendants owe absent royalty interest owners, the Longorias stipulated that their interest would be burdened by an obligation to pay current non-party royalty interest owners an amount equal to the royalty paid by the energy company defendants for as long as production continues. The Longorias also pled conversion, alleging they are entitled to the value of their share of production for minerals extracted by the defendants since limitation title was perfected and sought an accounting of the production and income.

In response, the energy company defendants filed a renewed motion to dismiss, which incorporated the arguments made in their earlier motions to compel joinder and to dismiss. After a hearing, during which the Lopezes orally joined the motion, the trial court signed an interlocutory order dismissing the energy company defendants "because of Plaintiffs' failure to join absent mineral interest owners." The Longorias filed a motion to modify the judgment, arguing the energy company defendants are necessary parties to their claims against the Lopezes and should be brought back into the case for that purpose. The Lopezes filed a motion to reform the judgment to dismiss the claims against them as well. The trial court denied the Longorias' motion, granted the Lopezes' motion to reform the judgment, and dismissed the case without prejudice because of the Longorias' "failure to join absent mineral interest owners." The Longorias timely appealed.

## STANDARD OF REVIEW AND APPLICABLE LAW

In three issues, the Longorias argue the trial court erred by dismissing the energy company defendants, denying the Longorias' motion to modify the judgment, and dismissing the Lopezes. We discuss the issues together.

 We review the trial court's dismissal based on a defect in parties for abuse of discretion. *Dahl v. Hartman*, 14 S.W.3d 434, 436 (Tex.App.-Houston [14th Dist.] 2000, pet. denied); *Miller v. Gann*, 822 S.W.2d 283, 286 (Tex.App.-Houston [1st dist.] 1991), *writ denied per curiam*, 842 S.W.2d 641 (Tex.1992). The trial court has broad discretion in deciding matters of joinder of parties. *Royal Petroleum Corp. v. Dennis*, 160 Tex. 392, 332 S.W.2d 313, 317 (1960). Exercise of that discretion is guided by Rule 39 of the Texas Rules of Civil Procedure, entitled "Joinder of Persons Needed for Just Adjudication." Rule 39(a) provides that a person who is subject to service of process shall be joined as a party to an action if: (1) his presence is needed to adjudicate the dispute and accord complete relief to those already parties; (2) his ability to protect his interests may be impaired or impeded if he is absent; or (3) his absence leaves one already a party subject to a substantial risk of multiple or inconsistent obligations.

---

**2.** *See* ERNEST E. SMITH & JACQUELINE LANG WEAVER, TEXAS LAW OF OIL AND GAS §§ 2.3(A) (2nd ed.2007) (explaining unleased cotenant's options).

TEX.R. CIV. P. 39(a); *See Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 162 (Tex. 2004). Although the rule provides for joinder in mandatory terms, "there is no arbitrary standard or precise formula for determining whether a particular person falls within its provision." *Cooper v. Texas Gulf Indus., Inc.*, 513 S.W.2d 200, 204 (Tex.1974). If the trial court determines an absent person falls within the provisions of the rule, the court has a duty to effect the person's joinder. TEX.R. CIV. P. 39(a); *Clear Lake City Water Auth. v. Clear Lake Utilities Co.*, 549 S.W.2d 385, 390 (Tex.1977). If a person required to be joined under Rule 39(a) cannot be joined, the trial court must decide "whether in equity and in good conscience the action should proceed among the parties before it, or should be dismissed" by considering the factors listed in Rule 39(b). TEX.R. CIV. P. 39(b); *Cooper*, 513 S.W.2d at 204.

█ The joinder provisions of Rule 39 apply to both trespass to try title and declaratory judgment claims. A trespass to try title suit must be brought against the person in possession if the premises are occupied. TEX.R. CIV. P. 784. Others who claim title to any part of the premises or have an interest in the property may be joined. *See* TEX.R. CIV. P. 784–786. The trial court's decision of whether to require joinder of persons other than those in possession is governed by Rule 39. *See Dennis*, 332 S.W.2d at 316–17 (holding trial court has discretion to require joinder of royalty interest owners whose interests will be directly and possibly adversely affected by decree in trespass to try title action); *see also Texas Oil & Gas Corp. v. Ostrom*, 638 S.W.2d 231, 234–35 (Tex.App.-Tyler 1982, writ ref'd n.r.e.) (holding trial court did not abuse its discretion in failing to require joinder of owners of nonposses-

sory royalty interests and possibilities of reverter in partition suit between owners of mineral leasehold estate, although "it would be wise" to join them).

█ The Texas Declaratory Judgment Act requires joinder of "all persons who have or claim any interest that would be affected by the declaration" sought. TEX. CIV. PRAC. & REM.CODE ANN. § 37.006(a) (Vernon 1997). The trial court determines whether to require joinder of parties in a declaratory judgment action by applying Rule 39. *Brooks*, 141 S.W.3d at 162. In making this determination, the Act is to be liberally construed in light of its purpose— "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." TEX. CIV. PRAC. & REM.CODE ANN. § 37.002(b); *Clear Lake*, 549 S.W.2d at 390. And, while a declaration is not binding on and does not prejudice the rights of a person who is not a party to the proceeding, the trial court may refuse to render a declaratory judgment if it "would not terminate the uncertainty or controversy giving rise to the proceeding." TEX. CIV. PRAC. & REM.CODE ANN. § 37.008; *Clear Lake*, 549 S.W.2d at 390. When the trial court's decision about whether absent persons should be joined as parties is guided by accepted legal rules and principles, we will not disturb that decision. *See Dahl*, 14 S.W.3d at 436.

## JOINDER

█ We first examine whether the trial court abused its discretion in determining under Rule 39(a) that absent persons should be joined. The defendants' pleadings identified those people as: the landowners who leased to the energy company defendants and own royalty interests and possibilities of reverter[3]; the owners

---

**3.** The leases at issue granted the energy company defendants fee simple determinable in-

of nonparticipating royalty interests in the Lopezes' property; and the owners of the mineral estate in that part of the 9200 acres not currently under lease and not owned by the Lopezes. The Longorias argue their third amended petition pled their causes of action and remedies in such a way that complete relief can be accorded among those already parties without impairing the interests of the absent interest owners and therefore their joinder was unnecessary.

■ The Longorias first contend no other persons need to be joined in the trespass to try title action because the Longorias are not seeking to establish title to any part of the surface estate and are seeking title only to the minerals owned and possessed by the defendants. *See Concord,* 966 S.W.2d at 460 (royalty interest is a nonpossessory interest); *Jupiter,* 819 S.W.2d at 468 (possibility of reverter is a nonpossessory interest); *Stephens County v. Mid–Kansas Oil & Gas Co.,* 113 Tex. 160, 254 S.W. 290, 291,(1923) (lessee under oil and gas lease acquires ownership of minerals in place and has exclusive right to possess them); *Williams v. Ballard,* 722 S.W.2d 9, 11 (Tex.App.-Dallas 1986, no pet.) (holding that plaintiff cannot ordinarily be required to join owners of nonpossessory interests in trespass to try title action). The Longorias recognize that an adjudication that they own an undivided one-half interest in the mineral estate would have the effect of proportionately reducing the royalties owed by the energy

company defendants to the absent lessors. However, they contend they have negated this adverse consequence by stipulating that their interest will be burdened by an obligation to pay the absent royalty interest owners an amount equal to the royalty paid by the oil company defendants for as long as production continues. The Longorias argue that because the absent royalty owners would continue to receive the same royalty payment, their royalty interests acreage would not be affected by a judgment in the Longorias' favor.

The Longorias next contend the lessors' possibilities of reverter would not be affected by the litigation because those interests are remote, contingent, future interests "of no real ascertainable value." The Longorias argue the interests of the owners of the mineral estate in the unleased acreage are not implicated at all by the suit because the Longorias have made no claim and seek no relief with respect to that land.

Finally, citing *Brooks,* 141 S.W.3d at 162 and *Clear Lake,* 549 S.W.2d at 390, the Longorias argue that the declaratory relief they seek cannot impair the absent persons' interests because, as non-parties, they are not bound by and cannot be prejudiced by a declaration rendered in their absence. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.006(a).

The discretion afforded the trial court to require joinder of parties under Rule 39(a) is broader than the Longorias' arguments suggest. The rule provides that a person

terests in the minerals, with the lessors retaining only royalty interests. The energy company defendants thus acquired title to all the minerals in place that the lessors owned and purported to lease, subject to the possibility of reverter in the lessors. *See Natural Gas Pipeline Co. of Am. v. Pool,* 124 S.W.3d 188, 192 (Tex.2003); *Concord v. Pennzoil Exploration & Prod. Co.,* 966 S.W.2d 451, 460 (Tex. 1998). The energy company defendants' in-

terests are determinable because they may terminate on the occurrence of events specified in the leases. *See Pool,* 124 S.W.3d at 192. If the lease terminates, fee title to the minerals reverts entirely to the lessor. *Jupiter Oil Co. v. Snow,* 819 S.W.2d 466, 468 (Tex. 1991). The lessor's possibility of reverter is a nonpossessory interest in the mineral estate that may be sold or assigned. *See id.*

who "claims an interest relating to the subject of the action" must be joined if "disposition of the action in his absence may *as a practical matter* impair or impede his ability to protect that interest." Tex.R. Civ. P. 39(a) (emphasis added). Thus the fact an absent person does not have title to or possession of the minerals to which the Longorias seek title is not dispositive if the relief the Longorias seek could impair the person's ability to protect any interests he claims. *See Dennis*, 332 S.W.2d at 316–17 (holding that fact royalty interest owner did not have possessory interest and would not technically be bound by judgment in trespass to try title action did not preclude trial court from exercising its discretion to require he be joined when his rights could be adversely affected by judgment).

The absent lessors are the record owners of 100% of the royalty interests and the possibility of reverter of the mineral estate leased to the energy company defendants. They clearly claim interests "relating to the subject of the action." Regardless of whether a recorded judgment declaring the Longorias own an undivided one-half interest in the mineral estate would be binding on the absent lessors, it was within the trial court's discretion to find that such a judgment could impair the absent lessors' ability to convey the royalty interests and possibilities of reverter they claim to own. Moreover, according to the Longorias, the record interests held by the owners of the mineral estate in the unleased property within the 9200 acres, as well as the absent lessors, all derive from the 1924 partition judgment. To clear the title they claim to own, the Longorias must obtain and have pled for a declaration that the 1924 partition judgment is void. Such a judgment, even if not technically binding on the absent lessors, royalty interest owners, and owners of the unleased mineral estate, would cloud their

title. It was within the trial court's discretion to conclude that these record interest owners should have the opportunity to defend their title in this case and that disposition of the case in their absence could, as a practical matter, impair their ability to protect their interests.

The Longorias' reliance on *Brooks* and *Clear Lake* to support their argument that the trial court abused its discretion because the absent persons will not be bound by a judgment is misplaced. Neither of those cases decided whether the trial court properly exercised its discretion in deciding whether a person should be joined as a party. Rather, because the defendants in each case failed to properly raise the issue of joinder in the trial court, the sole issue decided by the supreme court was whether it was fundamental error for the trial court to proceed without the absent persons. *See Brooks*, 141 S.W.3d at 162; *Clear Lake*, 549 S.W.2d at 390. In each case, the court held that because the trial court was able to fully resolve the issues before it and the non-parties whose rights could be affected would not be bound by a declaratory judgment rendered in their absence, the trial court had jurisdiction and it was not fundamental error for the trial court to proceed without them. *Brooks*, 141 S.W.3d at 162–63; *Clear Lake*, 549 S.W.2d at 390. When, as here, the necessity of joining additional parties has been raised in the trial court, "the fact that the decree would not be technically binding on the absent party is not the controlling factor." *Dennis*, 332 S.W.2d at 317.

The energy company defendants also argue that proceeding without the absent royalty interest owners would leave the defendants at risk of incurring multiple or inconsistent obligations. *See* Tex.R. Civ. P. 39(a)(2)(ii). The effect of the judgment the Longorias seek is to halve the energy company defendants' ownership in the miner-

als. Pursuant to their leases, the energy company defendants would then be entitled to proportionately reduce the royalties they pay the lessors. Yet, because the lessors would not be bound by the judgment (and notwithstanding the Longorias' offer to make up the difference in royalty payments), they could continue to look to the energy company defendants for payment of 100% of the royalty on production.

We will not disturb a trial court's determination to require joinder under Rule 39(a) unless the trial court acts arbitrarily, unreasonably, or without guiding principles. *See Dahl,* 14 S.W.3d at 436. We hold the trial court was guided by sound principles and did not abuse its discretion in finding that the energy company defendants' lessors, the owners of royalty interests in the property at issue, and the owners of the mineral estate in unleased part of the 9200 acres should be joined as parties if feasible.

## DISMISSAL

We now turn to the issue of whether the trial court abused its discretion in dismissing the Longorias' suit.

Both the interlocutory dismissal order and the final judgment state the trial court is granting the "Defendants' Renewed Rule 39(b) Motion to Dismiss and Plea to the Jurisdiction" and is dismissing "because of Plaintiffs' failure to join absent mineral interest owners." However, the defendants' motion asserted several independent grounds for dismissing the case: (1) the Longorias failed to join the landowners who leased the minerals to the energy companies, the owners of royalty interests in the property, and the record owners of the mineral estate in the unleased acreage during the abatement period; (2) the trial court lacked subject matter jurisdiction to proceed without the absent parties;[4] and (3) the absent parties were indispensable within the meaning of Rule 39(b). Neither the interlocutory order nor the final judgment specifies the theory on which the trial court based its decision. Therefore, we will affirm if any of the grounds is supported by the record. *See Romano v. Newell Recycling of San Antonio, LP,* No. 04–07–00084–CV, 2008 WL 227974 (Tex.App.-San Antonio, Jan.30, 2008, no pet. h.); *Nichols v. Sedalco Const. Servs.,* 228 S.W.3d 341, 342–43 (Tex.App.-Waco 2007, pet. denied).

4. Before Rule 39 was amended in 1971, questions of joinder focused on whether the absent persons were "necessary" or "indispensable" for the trial court to exercise its jurisdiction. *See Cooper,* 513 S.W.2d at 203 (discussing practice under pre-amendment version of the rule). The 1971 amendment wholly changed the approach to joinder issues. *Id.* Under the current rule, the court takes into account practical considerations and the focus is on whether the court ought to proceed with those who are present. *Id.* at 204. "[I]t would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined." *Id.* Although the defendants argued in the trial court that the absence of parties deprived that court of subject matter jurisdiction, the defendants do not make the argument on appeal. We agree with the Longorias that the absence of parties did not deprive the trial court of jurisdiction. *See Brooks,* 141 S.W.3d at 162 (holding trial court had jurisdiction to render declaratory judgment in action brought by subset of homeowners against homeowners' association; the proper question was not whether jurisdiction was lacking, but prudential question of whether trial court should have refused to proceed without all homeowners being joined); *Pirtle v. Gregory,* 629 S.W.2d 919, 920 (Tex.1982) (holding trial court had jurisdiction to adjudicate suit for specific performance of oil and gas lease and to remove cloud on title to minerals without presence of person holding record title to minerals).

The Longorias argue the judgment was based on the trial court's application of Rule 39(b), which states factors for the trial court to consider in deciding whether to proceed or to dismiss in the absence of a person described in 39(a) who cannot be joined. We do not agree that Rule 39(b) is implicated in this case. By its own terms, the Rule requires a trial court to consider the factors listed in Rule 39(b) only when a person described in Rule 39(a) *cannot* be made a party. *See* TEX.R. CIV. P. 39(b); *Miller*, 822 S.W.2d at 287. Because the Longorias never attempted to join any of the absent persons as parties, there is no showing in the record that any absent person is not amenable to service of process or cannot be made a party for some other reason.

The Lopezes and the energy company defendants contend the trial court acted within its discretion in dismissing the case because the Longorias failed to join the absent lessors, royalty interest owners, and mineral estate owners when given an opportunity to do so. We agree. When the trial court determines a person falls within the provisions of Rule 39(a) and is subject to service of process, he must be joined. TEX.R. CIV. P. 39(a); *see Allen v. Aetna Cas. & Sur. Co.*, 567 S.W.2d 547, 549–50 (Tex.Civ.App.-Fort Worth 1978, writ ref'd n.r.e.). When the plaintiff fails to join such a person after given a reasonable opportunity to do so, the trial court does not abuse its discretion in dismissing the case. *See Dahl*, 14 S.W.3d at 436–37; *Riddick v. Quail Harbor Condominium Ass'n*, 7 S.W.3d 663, 673 (Tex. App.-Houston [14th Dist.] 1999, no pet.); *Allen*, 567 S.W.2d at 550. The Longorias had six months in which to join the additional parties while the case was abated, but failed to do so. Two and one-half months passed between the interlocutory dismissal order and the final judgment.

The Longorias could have sought to join parties in their pending suit against the Lopezes during this period of time. Again, they did not attempt to do so. In these circumstances, the trial court did not abuse its discretion in dismissing the case. The trial court's judgment is affirmed.