

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00062-CV

RICHARD D. CRAWFORD, APPELLANT

V.

XTO ENERGY, INC., APPELLEE

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-262638-12, Honorable R. H. Wallace, Presiding

January 7, 2015

## CONCURRING OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

I join in the majority opinion but wish to observe the following.

Crawford wants a piece of the pie which XTO says belongs to other people. If he is right, then XTO will have to slice pieces from the pie owned by those people and give them to Crawford. Human nature illustrates that when someone's piece of the pie is taken away, they complain; indeed, Crawford's suit itself is an example of this. So, it is more than reasonable to infer that those non-joined interest holders are going to turn to

XTO and say "share it fairly but don't take a slice of my pie."[1]  And, because they are not parties to the Crawford suit, they will not be bound by the judgment he may receive.  So, where does that leave XTO when it opts to protect its share of the pie?

To avoid exposing the company to conflicting judgments, to promote judicial efficiency, and to make sure that all who say the pie is theirs have input in the slicing, the trial court directed Crawford to join everyone involved.  Crawford is, after all, the one trying to slice away at what the others may own.  The decision surely is a reasonable, non-arbitrary application of Texas Rule of Civil Procedure 39.  The latter allows the trial court to order the joinder of parties who claim an interest relating to the subject of the pending action who are so situated that the disposition of the action may 1) impair their ability to protect it or 2) expose existing parties to incurring double, multiple or inconsistent obligations.  TEX. R. CIV. P. 39(a).  That rule certainly can be read by an experienced jurist to encompass the circumstances here.  And, while it may well be that the sliver of pie Crawford wants does not economically justify the effort and cost he will expend to get it, that alone does not make the trial court's decision wrong or unjust.

When applicable, Rule 39 obligates the trial court to consider the interests of all potential claimants, not just the plaintiff's.   Our Supreme Court deemed the rule "mandatory" long ago.  *Clear Lake City Water Auth. v. Clear Lake Util. Co.,* 549 S.W.2d 385, 389 (Tex. 1977).  "If the trial court determines an absent person falls within the provisions of the rule, the court has a duty to effect the person's joinder." *Longoria v. Exxon Mobil Corp.*, 255 S.W.3d 174, 180 (Tex. App.—San Antonio 2008, pet. denied) (involving a dismissal because of plaintiff's failure to join absent mineral interest owners); *accord, Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 162 (Tex. 2004)

---

[1] Due credit going to Pink Floyd's "Money."

(reiterating that Rule 39 mandates joinder of persons whose interests would be affected by the judgment).

To the extent that equity may be available to temper application of the rule, its ameliorative effect arises when the absent persons cannot be joined. *See* TEX. R. CIV. P. 39(b) (stating that when a needed party cannot be joined, the court must then determine "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed . . . ."); *Longoria v. Exxon Mobil Corp.*, 255 S.W.3d at 180 (stating the same). Here, the trial court was well within its discretion to conclude that Crawford failed to prove he could not join the absent pie claimants. Indeed, the evidence of record illustrates that they could be joined. So, "equity and good conscience" were unavailable to evade the mandate of Rule 39.


Brian Quinn
Chief Jusice