

# NUMBER 13-23-00491-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**NORMAN ROSS BECKEN, ET AL.,**                               **Appellants,**

**v.**

**1893 OIL & GAS, LTD. AND ELP2
MINERALS, LLC,**                                               **Appellees.**

---

## ON APPEAL FROM THE 343RD DISTRICT COURT
## OF LIVE OAK COUNTY, TEXAS

---

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and Longoria
Memorandum Opinion by Chief Justice Tijerina[1]**

Appellants Norman Ross Becken, et al.[2] appeal the trial court's order dismissing

---

[1] The Honorable Nora Longoria, former Justice of this Court, did not participate in this decision because her term of office expired on December 31, 2024.

[2] Norman Ross Becken, Peter Becken, Scott Saufferer, and Verde Minerals, LLC, Joseph Benjamin West, Jr., Theresa Koch, Jean Kormer, Judy Berg, Carol Burnotte, Sara Lucken, Mark Broden, Eleanor

Gilbertson, Ruth Kiehne, Irving C. Broden, JoAnn M. Levang, Roger Broden, Arvid Broden, Steven Bartsch, James Bartsch, Thomas Bartsch, Diane Benson, Lori Boettcher, Barbara Olson, Beverly Heurd, David Bolling, Jean Bolling, Roy Bolling, Ron Walker, Brian Bolling, James Walker, Ruth Davies, Colleen Walker, Laura Finkel, Breanna Walker, Dallas Walker, Kathy Schultenover, Mary Bolling, Carole Herkenhoff, Gerald Paul Kiekow, Robert Behlendorf, Wayne Behlendorf, Candace Behlendorf, David Darling, Martha Shrode, Paul Shrode, Pat Lilja, Helen Metz, Ed Douglas, Richard Douglas, James Lamp, Jeff Lamp, Gale Reierson, William Forsythe, Richard Forsythe, Dan Forsythe, David W. Forsythe, Dale Forsythe, Joan Hultman, Kelly Rogers, Dawn Moellman Ruzynski, Collin Gerdeman, Maureen O'Brien, Todd Fetsch, Robert Reed Brown, Keith Thorp, Delores Thorp, Jill Prickett, Barbara Runneals, James Beam, Arthur Goebel, David Beam, Linda Thorp Christensen, Robert Grams, Francis Grams, Linda Grams, Teresa Grams, Karen Grams, Marguerite Grams, George Grams, Nathan Grande, Clarence Grande, Mary Anema, Robert Dorsey, Charles Hoefs, Sheri Saul, Sally Brownfield, Sue Rolfing, Steven Hodgson, Scott Hodgson, Paul Johnson, Thomas Johnson, Kristi Hazen, Stephen John Holm, Barbara St. George, David Holm, Karla Von Esch, Pamela Von Esch Peak, Lyla Hanson, Sonja Thompson, Yvonne Gurholt, Tony Stulken, Todd Stulken, Hailey Stulken, Kayla Brady, Tyler Stulken, Drew Huebner, Kelly Stulken, Angela Townsend, Karen Doyle, Pauline Lewis, Cindy Bressler Stringer, David Bressler, Jon Bressler, Holly Bressler, Richard Johnson, Margaret Wharton, Patton Johnson, Julie Darling, Dan Sandeen, Janet Sandeen, Jean Sandeen, Denise Sandberg, Debra Sandberg, Barbara Benson, Kelly Parker, Nicole Mattey, Arlynd Mallet, Denise Niemann, William Johnson, Pam Cawthorne, Michelle Vincent, Kaye Griepentrog, Nancy Griepentrog, Steve Griepentrog, Scott Griepentrog, Sandra Johnson, Dennis Swanson, Deborah Theirault, William Savel, Amy Hauser, Margot Zimara, Jana Kantorowicz, Joan Bibeau, James Kantorowicz, Jon Kantorowicz, Richard Kantorowicz, Kenneth Frost, Gloria Raymond, Shirley Lundstom, Karen Jaskowiak, David Lundstrom, Mary Stender, Natalie Paschka, Sarah Fischbach, Ronald Goede, Gretchen Laubach, Michael Matz, Jon Matz, Steven Peters, Shayla Peters Hagen, Nicolette Ann Neutz, Tim Matz, Ryan Matz, Richard Harris, Thomas Ness, Barbara Olson, Kelly Pramann, Cynthia Sickinger, Perry Wiest, Anita Wiest, Judy O'Rourke, Cynthia Eells Hardesty, Kevin Eells, Ruth Bender, Janis Dirk, Bruce Caswell, Alene McKinley, Joan Paterson, Christine Lechner, John L. Vinje, Jr., Colleen Leigh Vinje-Pippert, Richard Taubman, Brian Turner, Eric Taubman, Aaron Taubman, Kevin Mahoney, Mary Mathiowetz, Vicki Jentoft-Johnson, John Bolling, Tim Bolling, Richard Crawford, Judy Lamp, Marilyn Moothart, Henry Lockhart, Gary Rierson, Jim Moellman, Roger Veenendaal, Brian Kutz, Margaret Frost, James Frost, Lisa Balch, Keith Stulken, Tabitha Sams-Hernandez, Antonio Hernandez, Gretchen Johnsen, Lauri Arends, Nathan Matz, Dianne Miller, Kathy Aldrich, Debbie Lundquist, Gloria Linnerooth, Dale Reineke, Linnea Kennedy, Mary Wiest Medicus, James Wiest, Charles Anderson, Myrna Hallberg, Marjorie Lee Brickner, Peter S. Brickner, Russell W Brickner, Mary Kay Townsend, Paul Todd Lagergren, Thomas Richard Lagergren, Christa Gay Luckemeyer, Kurt Peter Luckemeyer, Allison Lynn Loomis, Timothy Howard Loomis, Scott Matthew Loomis, Mark Timothy Loomis, Howard Burton Loomis Jr., Fayne Elizabeth Lane, John D Lane, Pamela Marie Thomas, Toby Le Roy Anderson, Joleen K. Maenhoudt, Wynell Mortimeyer Carruthers, Mary Falke, Peter John Carruthers, Marc Andrew Carruthers, Steven D. Stimson, Resa Renee Stimson, Laurel Deanna Clair, Bryan F. Clair, Joseph Charles Bacon, Jennifer Lynn Bacon, James Evans Bacon Jr., Dorothy May Bacon, Melissa Hickman, Patricia A. Hickman, Mark Hickman, Margaret Mary Hickman, Lisa Marie Hickman, Donna M Nicklous, Joel H Smeby, Mark Smeby, Arnette Arey, Elaine L., Dean Mickelson, Arlo Mickelson, Kathleen Fredeen, Kathryn Furlong, Michael Furlong, Patrick Furlong, Sarah Govig, Julie Krenz, Beth Louise Todd Mason-Martin, John Stanford, Ruth Ann Sanchez Mason, Jess Kammerling, Thomas Kammerling, Rebecca Joy Ueno, Joseph Dean Dibley, Daniel Ray Dibley, Charles Howlin, Patty Howlin, Thomas John Jarvis, James Arthur Klug, Robyn Jennings, Reuel Ithiel Lund III, Reuel Ithiel Lund IV, Jill Marie Lee, Stephen Mark Robbe, Debbie Yankura, Patricia K Dueber, Isaac C. Christlieb, Frank L. Christlieb, George M. Bunce, Mary Bunce, Michael Lee Bunce, Karin Karlson Slayton, Keith Karlson, Michael Clifford Schnack, Jay Schnack, James L. Blaedorn, Rhoda Ann McIntire, Cheryl Ahrendt, Lisa Rosemary McIntire, Jeanette M. Knedel, David G. Jaeb, Jennifer Anselment Tice, Adrian J. Jaeb, Charles G. Jaeb, Brian P. Kutz, Sean Michael Kutz, Thomas Schwinghammer, Evelyn Schwinghammer, Bart Harriman, Peter P Harriman, Tim Harriman, James Quirk, Lauren Quirk, Don Donlin, Sheri Fenn, Daniel Donlin, Paul Johnsen, Becky Alton, Marvin Sandvig, Amy Westberg, Susan Loomer, Patsy Fahnberg, Bob Fahnberg, Craig Fahnberg, Mary Wenger, Janice Gerbig, Sherry Kroneman, Regina Fitzgerald, Barbara R.

their claims against appellees 1893 Oil & Gas, Ltd. and ELP2 Minerals. By two issues, which we consider together, appellants argue that the trial court erred by granting appellees' "motion to consolidate cases, motion to dismiss and final judgment." We affirm.

## I.  BACKGROUND

On December 10, 1912 William Green conveyed 16,376 acres to E.L. Plympton, which resulted in two surveys: the Mattison survey, consisting of approximately 2,092 acres, and the Hawley survey, consisting of approximately 1,061 acres. The Mattison survey was divided by approximately 564 deeds to various grantees while the Hawley survey was divided by approximately 189 deeds to various grantees.[3] These deeds conveyed real property to various grantees for separate consideration. Only the Mattison survey claims are at issue in this appeal.

Appellants are successors in interest to the various parcels of real property emanating from the Mattison survey. Appellants filed four different lawsuits[4] against appellees and eleven other defendants. Appellants claimed they were entitled to disputed royalties in the Mattison and Hawley surveys and included causes of action under trespass to try title, suit to quiet title, and monies had and received theories. They further sought a declaration that they were entitled to the disputed royalties and requested an accounting.

---

Fitzgerald, David J Fitzgerald, Maria Hruska, Glenn Gustafson, Sheryl Dawson, Paula Johnson, Pamela Theisen, Chad Sandberg, Michael Sandberg, Jeff Kenyon, Michelle Gunderson, Russell Brickner, Lisa Estelle, Judy K. Carlson, Steve Ness, Patty Schultz, Sharon Powers, Wayne Reineke, Jim Page, Ruth Ann Ferguson, and Laverne E. Anderson.

[3] Claims arising out of the Hawley survey were severed into a separate cause and settled and are not at issue in this appeal.

[4] The parties refer to these suits as the *Becken*, *Alcott*, *Koch*, and *Lucken* cases. Only the *Becken* case is at issue here. The *Alcott* case is currently pending before us in appellate cause number 13-23-00492-CV.

On March 17, 2021, in the trial court, appellees filed a "Motion to Abate Proceedings, Compel Joinder of Necessary Parties and Alternative Motion to Dismiss." Appellees argued that "all successors in interest under [the Mattison survey] will prejudice the interests of the non-joined successors even though those non-joined successors were not parties to the deeds under which [appellants] . . . acquired their property rights." Therefore, appellees claimed joinder was required. In response, appellants argued that their claims turned "on only seven of the more than 700 deeds under" the Mattison and Hawley surveys. Appellants claimed that while Rule 39 allowed joinder of successors in title to a single deed, "it does not compel the joinder of all successors to all 700 deeds, particularly when each successor's chain of title is unique." According to appellants, joining the successors of interest in the Mattison survey "would result in myriad title and probate disputes."

The trial court held a hearing regarding whether it should require appellants to join as necessary parties all successors in interest to the Mattison survey. Following a hearing, the trial court granted appellees' motion to compel joinder of all necessary parties on April 19, 2021.

On May 14, 2021, appellants field a motion to clarify or reconsider the trial court's joinder order. Appellants stated the trial court's order "will greatly delay trial and increase costs" and waste judicial resources. Appellants further claimed appellees were judicially estopped from demanding joinder of all class members because when appellants previously sought a class action, appellees "opposed it and demanded individualized trials." The trial court denied the motion to reconsider.

On April 10, 2023, the trial court held a status conference and reiterated its previous ruling that if the additional parties had not been joined, the trial court would dismiss the case. On August 3, 2023, the trial court held a hearing wherein again appellants argued that although it was attempting to comply with the trial court's joinder ruling, the case did not merit dismissal. On October 17, 2023, the trial court signed an order granting appellee's motions to consolidate the cases, motion to dismiss, and final judgment. This appeal followed.

## II. JOINDER

By their two issues, appellants argue the trial court abused its discretion when it granted appellees' motions to consolidate the cases and dismissed their claims.

### A. Standard of Review & Applicable Law

We review a trial court's ruling on issues regarding joinder of parties for an abuse of discretion. *Crawford v. XTO Energy, Inc.*, 509 S.W.3d 906, 910–11 (Tex. 2017). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). Texas Rule of Civil Procedure 39 provides that joinder is mandatory if the person "claims an interest relating to the subject of the action and is so situated that the disposition of the action in" the person's absence may "leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason[s]" of the person's claimed interest. TEX. R. CIV. P. 39. "[T]here is no arbitrary standard or precise formula for determining whether a particular person falls within its provision." *Longoria v. Exxon Mobil Corp.*, 255 S.W.3d 174, 180 (Tex. App.— San Antonio 2008, pet. denied) (quoting *Cooper v. Tex. Gulf Indus., Inc.*, 513 S.W.2d

5

200, 204 (Tex. 1974)). Rule 39 applies to both trespass to try title and declaratory judgment claims, as relevant here. *Crawford*, 509 S.W.3d at 911 n.3 ("Rule 39's requirements govern when a party is seeking to compel joinder of persons in a declaratory-judgment action.").

**B.     Discussion**

In *Longoria*, the plaintiffs sued energy companies and sought to establish title to their alleged mineral interest in a partially leased mineral estate. *See* 255 S.W.3d at 178. The defendants filed a motion to compel joinder of all persons having record title and royalty interests in the 9,200 acres at issue. *See id.* In response, the plaintiffs argued that they were seeking title to the mineral estate held by the defendants and were not making a claim to the surface estate. *Id.* Plaintiffs sought a declaration requesting that the trial court declare their ownership to the mineral estate, clear title to the mineral estate, and hold that the judgments of partition and succeeding partition suits were void. *Id.* at 178–79. Plaintiffs clarified that they were not making a claim to any portion of the royalty interest currently owned by a non-party. *Id.* at 179. Following a hearing, the trial court dismissed the plaintiffs' suit for failing to join "absent mineral interest owners" as parties. *Id.*

The appellate court noted that the discretion the trial court is afforded regarding Rule 39 is broad. *Id.* at 181. It held that "the fact an absent person does not have title to or possession of the minerals to which the [plaintiffs] seek title is not dispositive if the relief the [plaintiffs] seek could impair the person's ability to protect any interests he claims." *Id.* at 182. The appellate court noted that Rule 39 provides that a person who "claims an interest relating to the subject of the action" must be joined if "disposition of

6

the action in his absence may as a practical matter impair or impede his ability to protect that interest." *Id.* (quoting TEX. R. CIV. P. 39.). Thus, the court held that it was within the trial court's broad discretion to "find that such a judgment could impair the absent lessors' ability to convey the royalty interests and possibilities of reverter they claim to own." *Id.* It stated that because the interests held by the owners of the mineral estate and absent lessors within the 9,200 acres all derive from the 1924 partition judgment, "[s]uch a judgment, even if not binding on the absent lessors, royalty interest owners, and owners of the unleased mineral estate, would cloud their title." *Id.* Accordingly, the appellate court did not disturb the trial court's determination requiring joinder. *Id.* at 183.

We find the facts in this case similar to those in *Longoria*. Here, appellants sought declaratory judgment and adjudication of title under to their alleged mineral interest of the entire Mattison survey. Like *Longoria*, the absent parties claim an interest in the minerals by virtue of their deeds. *See id.*; *See, e.g., Veal v. Thomason*, 159 S.W.2d 472, 477 (Tex. 1942) (holding that all landowners who executed leases on a unitized block were necessary parties in a suit to cancel one of the leases); *Kodiak Res., Inc. v. Smith*, 361 S.W.3d 246, 251–52 (Tex. App.—Beaumont 2012, no pet.) (holding that all lessors under a single mineral lease were necessary parties to a suit filed by some of the lessors against the operator lessees for a declaratory judgment that the lease had terminated). The parties in this suit as well as the absent parties all claim title to the mineral interests in the Mattison survey. *Cf. Crawford*, 509 S.W.3d at 913 (distinguishing *Longoria* because in *Crawford*, the absent parties were adjacent landowners and did not reflect an interest in the mineral interests). Thus, like *Longoria*, the judgment in this case could implicate the undivided mineral interest of absent successors without giving the interest owners an

7

opportunity to defend their title. *Id.* at 182.

We hold the trial court was guided by sound principles and did not abuse its discretion in finding that the absent claimants to mineral interests should be joined as parties. *See id.* at 180 ("When the trial court's decision about whether absent persons should be joined as parties is guided by accepted legal rules and principles, we will not disturb that decision."). "When the plaintiff fails to join such a person after given a reasonable opportunity to do so, the trial court does not abuse its discretion in dismissing the case." *Id.* at 184. Accordingly, we overrule appellants' sole issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
9th day of October, 2025.

8