

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00013-CV
_____

FELICIA PIERCE, Appellant

V.

DEBBIE BLALACK, ET AL., Appellees

On Appeal from the County Court at Law No. 2
Gregg County, Texas
Trial Court No. 2015-1679-CCL2

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Moseley

## O P I N I O N

Felicia Pierce's trespass to try title suit against Debbie Blalack, et al.,[1] was dismissed with prejudice for her failure to comply with court orders requiring her to amend her pleadings to join necessary parties. On appeal from this dismissal, Pierce argues (1) that the trial court[2] erred in concluding that parties who were not joined were necessary parties under Texas Rule of Civil Procedure 39(a), (2) that a trespass to try title suit is not subject to a dismissal under Rule 39, (3) that the trial court erred in denying her motion to sever her claims against the unserved parties (an action which she maintains would have allowed her to proceed against the parties already joined in the lawsuit), and (4) that dismissal with prejudice was not warranted.[3]

We conclude that Rule 39 applies to the claims raised by Pierce. We further conclude that the trial court did not abuse its discretion (1) in determining that Pierce had failed to join necessary parties under Rule 39(a), (2) in dismissing the case with prejudice under the Texas Rules of Civil Procedure, or (3) in denying Pierce's motion for severance. Accordingly, we affirm the trial court's judgment.

---

[1]Pierce's last (and, supposedly, operative) petition named a great many defendants, many of whom had never been served.

[2]The trial court was the County Court at Law No. 2 of Gregg County. By the legislation creating that court, it is granted jurisdiction which is concurrent with district courts except that it does not have jurisdiction over capital felony cases. TEX. GOV'T CODE ANN. § 25.0942(d) (West Supp. 2016).

[3]In her pro se brief, Pierce also questions whether the trial court considered her thirteenth amended petition, filed after the trial court entered an order dismissing all of her claims. The thirteenth amended petition was specifically mentioned in the trial court's judgment. Pierce also briefly mentions other, non-dispositive points, including a complaint that the trial court's judgment should have included a legal description of the property.

2

## I.      Factual and Procedural History

This dispute involves a 366.7-acre piece of property located in the P.W. Warraner Survey in Gregg County, Texas,[4] that in 1870, had belonged to James R. Oliver, who bequeathed it to his wife, Lettuce Beall Oliver, and daughter, Emily Oliver. Following Lettuce's death, in 1917, Annie Hart, who represented herself to be the sole surviving heir of Lettuce and Emily, purported to convey fee simple title to the property to A.A. King. In 1921, a judgment was entered in favor of King, which granted him possession to the land against Annie Hart. In 1931, King further filed an affidavit wherein he claimed himself to have been in adverse possession of the property from 1918 to the date of the affidavit. Documents to which Pierce made reference in her petition indicated that King severed the mineral estate from the surface estate and executed various deeds and leases to several oil and gas companies.

Believing (1) that Hart was not the sole heir of Lettuce and Emily, (2) that she owned the property in fee simple as an heir of Lettuce and Emily, and (3) that King had improperly acquired the property through adverse possession, Pierce, proceeding pro se, filed suit on September 10, 2015, against a sole defendant, Lottie Guttry, King's alleged heir. Among other things, Pierce's trespass to try title suit sought (a) to quiet title in her name, (b) to set aside and declare conveyances to and by King void, and (c) an injunction preventing unnamed persons and entities from receiving

---

[4]Although Pierce makes reference to a 366.7-acre tract of land in the P.W. Warraner Survey of Gregg County in her final petition and although some of the exhibits attached to that petition may incorporate a description of it, the petition itself never describes the lands and premises Pierce is apparently attempting to recover. At other stages in the lawsuit, reference to the lands in controversy calls it to contain 320 acres.

oil and gas royalties. The petition attached deeds, leases,[5] and other documentation as exhibits in an effort to demonstrate that many other unnamed persons and entities had an interest in both the mineral and surface estate.

On October 15, 2015, Guttry filed a plea in abatement and argued that Pierce had to serve other parties who might have an interest in the property because she sought a declaration that she was its sole owner. Following a hearing, the trial court determined that Guttry[6] had no interest in the property and instructed Pierce to amend her petition to include all necessary persons and entities who would be adversely affected by a determination of title. Pierce's second amended petition, however, did not accomplish this task.

On November 12, 2015, the trial court abated the case again, giving Pierce ninety days to join additional parties to the lawsuit. The trial court specifically found that all persons currently claiming an interest under the various conveyances attached to Pierce's petition would be adversely affected by a judgment in Pierce's favor and, thus, were necessary parties under Rule 39(a). The trial court further explained that Lettuce and Emily had heirs other than Pierce, that a judgment in Pierce's favor would result in her being entitled to only a then-unspecified fractional undivided interest in the lands and that the other heirs of Lettuce and Emily were required to be joined as plaintiffs.

---

[5]In Texas, an oil and gas "lease" is not a lease in a traditional sense, but rather, it "grants a fee simple determinable interest to the lessee, who is actually a grantee." *Natural Gas Pipeline Co. of Am. v. Pool*, 124 S.W.3d 188, 192 (Tex. 2003).

[6]Pierce's claims against Guttry were later nonsuited.

4

Pierce's third through eighth amended petitions failed to name all parties that would have an interest under the various conveyances attached to her original petition, and the petitions contained only the following named defendants: Debbie Blalack, Andrew Riley, East Texas Salt Water Disposal Co., Bruce A. Boyles, Sr., James C. Pee, Ricky Davis, Citi Financial, and Breitburn Operating, LP. Several of these defendants also filed motions to dismiss the case under Rule 39 or, alternatively, motions to abate the case so that additional parties could be named. As a result of these motions, on March 4, 2016, the trial court held a hearing on the status of the parties. During that hearing, it was established that Pierce had only added seven defendants, all of whom were surface owners of parts of the estate, but she had not yet added any owners of the mineral estate as parties. At that hearing, Pierce asked the trial court to sever the case against the surface owners from her claims against the mineral owners. Although the trial court denied her request for a severance, it gave Pierce an additional ninety days to add necessary parties.

When Pierce filed her tenth amended petition, on May 3, 2016, she included 117 parties as defendants and moved to serve them by publication, without first stating that she had attempted to serve them by any means. Her twelfth amended petition listed a total of 172 defendants. It also listed 22 other heirs as "involuntary plaintiffs" and alleged that each of those she named in that capacity held a 4.35 percent interest in the property.[7] These heirs were neither sued nor served and did not otherwise appear.

---

[7]After several named parties filed disclaimers of interest, Pierce's claims against them were nonsuited.

Ultimately, a September 2, 2016, hearing revealed that Pierce had only served 55 defendants.[8]  During that hearing, it was also established that, on January 6, 2016, Pierce was provided with a schedule of documents concerning title to the property to aid her in identifying parties that should have been added as defendants.  That schedule of documents revealed that there were many unnamed easement holders which had not been named as parties.  The trial court found that Pierce never argued that the necessary persons could not be made parties to the case.  Instead, it concluded that Pierce had named some of the necessary parties but had simply failed to serve them.  By letter ruling, on September 15, 2016, the trial court indicated that it intended to grant the motions to dismiss filed by several of the defendants.  The letter stated, in part, that

> during the hearing held on September 2, 2016, it was established that Plaintiff had been provided with the identity of entities holding approximately 104 pipeline easements on the 366.7 acres in question that would be necessary parties, and Plaintiff declined to make any effort to add any of said entities as a party to this Cause.

Pierce then filed a thirteenth (and last) amended petition, which (a) included only the 55 defendants she had served, (b) dropped the other defendants and the other 22 heirs as parties, (c) alleged three trillion dollars in damages, and, among other things, (d) prayed that title be "restored to its rightful owners, the heirs of Lettuce Beall Oliver, (Plaintiff), in fee simple," and that the named defendants be ordered to cease drilling efforts on the property.

On October 13, 2016, the trial court entered final judgment dismissing Pierce's claims with prejudice to refiling those claims.  Pierce appeals.

---

[8]A pleading asserting a claim for relief shall state the names, if known to the pleader, or any persons to be joined if feasible and the reasons why they are not joined.  TEX. R. CIV. P. 39(c).

**II. The Trial Court Did Not Abuse Its Discretion In Determining It Was Necessary for Pierce to Join Absent Parties**

Rule 39(a) of the Texas Rules of Civil Procedure provides:

> **(a)** **Persons to be Joined if Feasible.** A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

TEX. R. CIV. P. 39(a).

Rule 39 applies to trespass to try title lawsuits such as the one filed by Pierce. *See Longoria v. Exxon Mobil Corp.* (*Longoria II*), No. 04-15-00536-CV, 2016 WL 4013793, at *3 (Tex. App.—San Antonio July 27, 2016, pet. denied) (mem. op.); *Kodiak Res., Inc. v. Smith*, 361 S.W.3d 246, 248–49 (Tex. App.—Beaumont 2012, no pet.); *Rogers Nat. Bank of Jefferson v. Pewitt*, 231 S.W.2d 487, 489 (Tex. Civ. App.—Texarkana 1950, writ ref'd). Further, the Declaratory Judgment Act also mandates the joinder of persons whose interests would be affected by the judgment. *Kodiak*, 361 S.W.3d at 249.

Pierce asserted claims for declaratory relief, which, though inartfully pled, sought to set aside the deed by Hart to King and the subsequent judgment in favor of King, the predecessor in interest to all of the defendants, and to declare subsequent transactions by King void. In making a determination of joinder under the Declaratory Judgment Act, "the Act is to be liberally construed in light of its purpose—'to settle and to afford relief from uncertainty and insecurity with respect

7

to rights, status, and other legal relations.'" *Longoria v. Exxon Mobil Corp.* (*Longoria I*), 255 S.W.3d 174, 180 (Tex. App.—San Antonio 2008, pet. denied) (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b); *Clear Lake City Water Auth. v. Clear Lake Utils. Co.*, 549 S.W.2d 385, 390 (Tex. 1977)). "And, while a declaration is not binding on and does not prejudice the rights of a person who is not a party to the proceeding, the trial court may refuse to render a declaratory judgment if it 'would not terminate the uncertainty or controversy giving rise to the proceeding.'" *Id.* (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 37.008; *Clear Lake*, 549 S.W.2d at 390).

"Trial courts have broad discretion in matters involving joinder of parties, and we review a trial court's joinder decision for an abuse of that discretion." *Longoria II*, 2016 WL 4013793, at *3 (citing *Royal Petroleum Corp. v. Dennis*, 332 S.W.2d 313, 317 (Tex. 1960)); *see Longoria I*, 255 S.W.3d at 179; *Jones v. Smith*, 157 S.W.3d 517, 522 (Tex. App.—Texarkana 2005, pet. denied); *see also Clear Lake City Water Auth. v. Clear Lake Utils. Co.*, 549 S.W.2d 385, 389–90 (Tex. 1977). "A trial court abuses its discretion if it acts in an unreasonable and arbitrary manner or without reference to any guiding rules or principles." *Kodiak*, 361 S.W.3d at 248 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

"Although Rule 39 provides for joinder in mandatory terms, 'there is no arbitrary standard or precise formula for determining whether a particular person falls within its provision.'" *Brown v. Snider Indus., LLP*, No. 06-16-00078-CV, 2017 WL 2131759, at *2 (Tex. App.—Texarkana May 17, 2017, pet. filed) (quoting *Cooper v. Tex. Gulf Indus., Inc.*, 513 S.W.2d 200, 204 (Tex. 1974)). Thus, we first examine whether the trial court abused its discretion in determining under Rule 39(a) that absent persons should be joined.

Pierce's petitions sought title to realty in fee simple. Her twelfth amended petition identified 172 parties as defendants, including surface estate owners, mineral estate owners, royalty owners, lessees of the mineral estate, and working interest owners, but did not include "entities holding approximately 104 pipeline easements" on the property. With respect to these parties, the trial court determined

> that a judgment in favor of Plaintiff would adversely affect both those claiming an interest in the surface estate of the 366.7 acres in question, as well as those persons claiming under the 1930 oil and gas lease severing the mineral estate. Though not binding on those not a party to this suit, a judgment in favor of Plaintiff would unsettle title reaching back almost 100 years, and would cast a cloud on the title for both surface owners and mineral owners. Surface owners will be hindered in their efforts to sell their property, and oil and gas producers will cease paying royalty owners for fear of exposure to multiple claims. To obtain a complete resolution of title, the remaining Defendants would ultimately need to be brought into subsequent litigation, with a real possibility of inconsistent results creating further confusion of title. By Plaintiff choosing to drop the remaining the [sic] 96% entitled to claim under Lettuce Beall Oliver as Involuntary Plaintiffs to this Cause, additional litigation would be required to establish complete relief for the remaining heirs of Lettuce Beall Oliver; again, with a real possibility of inconsistent results creating further confusion of title.

In making its decision, the trial court specifically relied on *Longoria I*. The plaintiffs in that case sought to establish title to an undivided one-half interest in a mineral estate and also sought a declaration removing cloud on title. *Longoria I*, 255 S.W.3d at 177. The San Antonio Court of Appeals reiterated that the discretion afforded under Rule 39(a) is "broad" and provides that a person who "claims an interest relating to the subject of the action" must be joined if "disposition of the action in his absence, may . . . *as a practical matter* impair or impede his ability to protect that interest." TEX. R. CIV. P. 39(a) (emphasis added). The court reasoned that to clear title, the plaintiffs were required to obtain a declaratory judgment that a 1924 partition judgment,

which was the derivative of all of the defendants' interests, as well as interests of unjoined parties, was void. *Longoria I*, 255 S.W.3d at 182. The court found that settling title in the plaintiffs' favor would diminish absent parties' interests in the property, could result in the reduction of royalties paid to lessors, and would impair the absent interest holders' ability to protect their interests in the property. *Id.* at 182–83. Accordingly, it held the trial court's Rule 39(a) ruling proper.

Similarly, all of the defendants and absent parties here derived their alleged ownership interest from King, the common predecessor in interest. Pierce, in seeking title quieted in favor of Lettuce's and Emily's heirs, sought to abrogate King's claim of adverse possession and set aside Hart's conveyance to King, the 1921 judgment, and all grants and conveyances by King. "When the trial court's decision about whether absent persons should be joined as parties is guided by accepted legal rules and principles, we will not disturb that decision." *Id.* at 180. In light of Pierce's claims, and *Longoria I*, we conclude that the trial court's decision that settling title as requested by Pierce in the absence of the unjoined parties could, *as a practical* matter, *impair* or impede the ability of those parties to protect their interests. *Id.* at 182. Therefore, we find that there was no abuse of discretion in the trial court's ruling that the absent parties should be joined under Rule 39(a). *See id.*; *Kodiak*, 361 S.W.3d at 249; *see also Bradco Oil & Gas Co. v. Rowan*, 437 S.W.2d 58, 60 (Tex. Civ. App.—Houston [1st Dist.] 1968, no writ). We overrule Pierce's first point of error.

## III. The Trial Court Properly Denied Severance

Rule 41 of the Texas Rules of Civil Procedure provides, "Any claim against a party may be severed and proceeded with separately." TEX. R. CIV. P. 41. "The controlling reasons for a

10

severance are to do justice, to avoid prejudice, and to further convenience." *In re Allstate Ins. Co.*, No. 06-05-00051-CV, 2005 WL 1114640, at *1 (Tex. App.—Texarkana May 12, 2005, orig. proceeding) (mem. op.) (citing TEX. R. CIV. P. 174(b); *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990) (op. on reh'g.)).

"Severance of claims under the Texas Rules of Civil Procedure rests within the sound discretion of the trial court." *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996). With regard to severing claims, the trial court properly exercises its discretion when "(1) the controversy involves more than one cause of action; (2) the severed claim is one that could be asserted independently in a separate lawsuit; and (3) the severed actions are not so interwoven with the other claims that they involve the same facts and issues." *Id.* On the other hand, a trial court does not abuse its discretion in failing to grant a severance where the claims "are largely interwoven" and "most of the evidence introduced will be admissible on both claims." *Id.* at 630.

Here, Pierce filed a trespass to try title claim against owners of both the surface and mineral estate of the tract of land. The strength of her claim depended on her success, via her declaratory judgment action, in setting aside Hart's conveyance to King, the judgment in King's favor, and King's subsequent conveyances and leases. Thus, Pierce's claims against the surface and mineral estate owners stemmed from the same set of facts and were, thus, largely interwoven. Suit quieting title as Pierce requested against the surface estate owners would, in this case, necessarily impact the interest of the mineral estate owners, lessees, and other absent parties. The question of Pierce's precise interest in the property was dependent on the proper inclusion of all of the heirs of Lettuce and Emily. Furthermore, the trial court determined, correctly, that the severance could result in

11

the possibility of inconsistent verdicts, thereby undermining the controlling reasons for ordering a severance.

We conclude that the trial court did not abuse its discretion in denying Pierce's request to sever her claims against the surface estate owners from the same claims raised against the mineral estate owners. Accordingly, we overrule Pierce's second point of error.

## IV.     Dismissal with Prejudice Was Proper

Next, we turn to the issue of whether the dismissal was proper. "If the trial court determines the absent person or entity should be joined under Rule 39, then the court has a duty to effect the person's joinder." *Brown*, 2017 WL 2131759, at *2; *see Longoria II*, 2016 WL 4013793, at *3 (citing *Longoria I*, 255 S.W.3d at 184). "When the plaintiff fails to join such a person after given a reasonable opportunity to do so, the trial court does not abuse its discretion in dismissing the case." *Longoria I*, 255 S.W.3d at 184.

In *Longoria I*, the San Antonio Court of Appeals affirmed the trial court's decision to dismiss the lawsuit for failure to join the absent mineral interest owners because the plaintiffs had been granted six months to join additional parties while the case was abated, but failed to do so.[9] *Id.* at 177, 184. Here, the trial court abated the case twice and allowed Pierce six months to join additional parties. At no time did Pierce allege that the additional parties could not be served. *Longoria I*, however, was a dismissal without prejudice.

Here, the trial court dismissed Pierce's claims with prejudice in reliance on *Longoria II*, which involved similar facts as in *Longoria I*, but resulted in dismissal with prejudice. There, the

---

[9]Just as in *Longoria I*, we do not decide the case under Rule 39(b).

San Antonio Court of Appeals focused on the plaintiffs' failure to amend their pleadings as ordered. *Longoria II*, 2016 WL 4013793, at \*6. Here, on November 12, 2015, and on March 4, 2016, the trial court twice ordered Pierce to amend her pleadings to "join as Defendants in this Cause all persons currently holding an interest in the 320 acres located in the P.W. Warraner Survey, Gregg County, Texas," and provided her ninety days in which to do so. Pierce, a pro se plaintiff, attempted this task thirteen times without success. On October 13, 2016, almost one year after the trial court initially instructed Pierce that she would be required to amend her petition to include necessary parties, the trial court dismissed her claims, with prejudice.

In explaining the decision to dismiss the case with prejudice the trial court noted that Pierce never stated that the absent parties, which had been identified, could not be served. Instead, Pierce had repeatedly argued, mistakenly, that Rule 39 did not apply to trespass to try title claims and had, according to the trial court, simply "declined to make any effort to add any of said entities as a party to this Cause."

In light of this record, we cannot conclude that the trial court erred in dismissing Pierce's claims with prejudice. We overrule Pierce's last, dispositive point of error.

13

## V.    Conclusion

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:    September 14, 2017
Date Decided:     September 29, 2017