**Opinion issued August 28, 2018**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**Nos. 01-17-00804-CV, 01-17-00910-CV & 01-17-00911-CV**

————————————

**IN RE YAKOV ALBAZ AND AA TOP SUCCESS, LLC D/B/A CROSSLAND VAN LINES AND STORAGE, Relators**

**On Appeal from County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case Nos. 1080464 & 1080464-101**

## MEMORANDUM OPINION

Yakov Albaz and AA Top Success, LLC d/b/a Crossland Van Lines & Storage have filed a petition for writ of mandamus and a related interlocutory appeal challenging the trial court's: (1) refusal to compel the parties to arbitrate a claim for enforcement of a promissory note; (2) severance of the claim for enforcement of a promissory note from the original cause number; (3) refusal to order arbitration on

the unsevered claims and stay its proceedings in the original cause number; and (4) refusal to order arbitration of all of the claims and stay all judicial proceedings.

Because the court found that the claims remaining in the original cause number after severance of the claim for enforcement of a promissory note were arbitrable, the court was required to stay judicial proceedings with respect to those claims and it had no discretion to do otherwise. We conditionally grant mandamus relief in Cause Nos. 01-17-00910-CV and No. 01-17-00804-CV, which we treat as a petition for writ of mandamus, and we deny mandamus relief in Cause No. 01-17-00911-CV.

### Background

This case began as a simple breach of contract case between two parties. It has since morphed into a complicated, multi-party dispute involving two contracts, two different trial court cause numbers, and claims for, among other things, fraud, breach of fiduciary duty, indemnity, conversion, and conspiracy to commit fraud.

### A.    Procedural History

On July 21, 2016, Raam Abbou filed suit in Harris County Civil Court at Law Number 2 (trial court case no. 1080464) for enforcement of a May 18, 2016 promissory note ("the Note") executed by Albaz. Abbou alleged that Albaz defaulted on the Note by failing to pay Abbou the principal amount of $22,500.00 on or before July 5, 2016.

On August 29, 2016, Albaz filed a general denial and asserted affirmative defenses based on, among other things, failure of consideration, unclean hands, fraud, and misrepresentation.

On November 18, 2016, Crossland intervened in trial court case no. 1080464 and asserted claims against Abbou for fraud, breach of fiduciary duty, conversion, and money had and received. Crossland alleged that Abbou, the company's former owner and managing member, sold his ownership interest and Crossland's assets to a third party[1] in May 2016 and that Abbou wrongfully collected over $19,000 from Crossland's customers during the process of, and the time directly after, the sale.

On July 25, 2017, Albaz and Crossland moved to compel arbitration of all claims in trial court case no. 1080464, including Abbou's claim for enforcement of the Note, based on the arbitration clause included in the Membership Transfer Agreement ("the Agreement") executed by Jak Yosef, Abbou, and Crossland on May 18, 2016. Albaz, who is not a signatory to the Agreement, alleged that the Note was made in consideration for Abbou's sale of his ownership interest in Crossland to Yosef, a non-party to the case. Crossland and Albaz also asked the court to stay all judicial proceedings.

---

[1] According to Crossland, Abbou sold his assets in the company to Hanya Vaknin. The Agreement, however, unambiguously reflects that Abbou sold his interest to Jak Yosef.

On August 2, 2017, Abbou filed a response to Albaz's motion to compel arbitration. Abbou argued, among other things, that the Note and Agreement were separate contracts, Albaz is not a signatory to the Agreement, and Crossland, who is not a party to the Note, lacks standing to compel arbitration with regards to enforcement of the Note.

During a hearing on August 8, 2017, the trial court found that Albaz had failed to prove that the Note was subject to arbitration under the Agreement and signed an order denying Albaz's and Crossland's motion to compel arbitration and stay judicial proceedings.

Abbou filed "Plaintiff's Second Amended Petition" on August 8, 2017 that omitted his claim for enforcement of the Note and asserted new claims against Albaz for fraud, civil conspiracy to commit fraud, theft of property, breach of fiduciary duty, and promissory estoppel. Abbou also added Prosperity Bancshares Inc. as a defendant. Abbou's new claims were based on his allegations that Albaz had made fraudulent misrepresentations to him and unauthorized withdrawals from Crossland's bank account before Abbou sold his interest in Crossland in May 2016, and Albaz refused to return Abbou's personal property in May 2017.

Abbou filed "Plaintiff's Third Amended Petition" on August 21, 2017 that reasserted his claim for enforcement of the Note, in addition to the new claims raised in his prior amended petition. Abbou then filed "Plaintiff's Second Amended

4

Petition" on August 22, 2017 which, like the "Plaintiff's Second Amended Petition" filed on August 8, 2017, omitted his claim for enforcement of the Note. Abbou contends that the amended petition filed on August 22, 2017 was filed in error and should be disregarded.

On August 24, 2017, pursuant to Paragraph 6(h) of the Agreement, Crossland sought indemnification from Abbou with respect to Albaz's claim against Crossland for repayment of funds Albaz had advanced to Crossland.

On September 5, 2017, Abbou filed a motion to sever his claim against Albaz for enforcement of the Note into a separate cause.

On September 14, 2017, Albaz responded to the motion to sever and alleged that the claim should not be severed because the Note was related to and given in consideration for the Agreement. That same day, Albaz also filed a crossclaim against Crossland in which he demanded repayment of the loans that he had made to Crossland since March 2015. Crossland also amended its plea in intervention that day, adding a claim against Abbou for failure to indemnify Crossland, pursuant to Paragraph 6(h) of the Agreement, for the portion of Albaz's crossclaim that arose before May 18, 2016 (the effective date of the Agreement).

On September 15, 2017, Abbou amended his petition and once again asserted a claim on the Note against Albaz, in addition to the claims he had previously added.

On September 19, 2017, Crossland moved the trial court to reconsider its August 8, 2017 order denying the motion to compel arbitration and argued that every claim in the case was arbitrable because it was related to the Agreement. On September 22, 2017, Albaz joined in support of Crossland's motion for reconsideration.

On October 3, 2017, Abbou filed an amended response in opposition to Crossland's motion to reconsider.

On October 5, 2017, Albaz amended his answer and raised additional affirmative defenses.

During the October 10, 2017 hearing on Abbou's motion to sever and Albaz's and Crossland's motion to reconsider the August 8th order denying their motion to compel arbitration, the trial court stated:

> 'If' we sever it out then Abbou has fraud claim against Albaz; Albaz has cross-claim against Crossland for the loan balance; and then Crossland has claims against Abbou on the indemnity clause.
>
> So I'm going to sever this out, but I think all the rest of claims and then your Motion to Compel Arbitration clause will be granted.

At the end of the October 10, 2017 hearing, the trial court also stated:

> I can assure you the jury will be confused if we put this promissory note in the middle. So I'm going to sever this out, but I think all the rest of claims and then your Motion to Compel Arbitration clause will be granted. But first you have to go to mediation, because that's what the agreement says. You are going to mediation first, but you have to go through discovery, though.

6

Why don't we come back if the mediation is not successful because I am sure at that time when you go to mediation, you have completed your discovery. When you come back, you can argue fully about whether or not the whole case should go to arbitration or not.

On October 16, 2017, the trial court granted Abbou's motion to sever his enforcement claim.

On October 18, 2017, Albaz and Crossland filed a notice of interlocutory appeal from the trial court's August 8, 2017 order denying their motion to compel arbitration and stay judicial proceedings.

On October 25, 2017, the trial court signed an order in the main cause number granting, in part, Albaz's and Crossland's motion to reconsider the August 8th order denying their motion to compel arbitration and setting aside the portion of the August 8th order with respect to the previously severed claim, Abbou's claim for enforcement of the Note.

> The Court **FINDS** that all the claims in [the Remaining Cause] are subject to arbitration following adequate discovery, including but not limited to the deposition of Yakov Albaz and unsuccessful mediation.

The trial court also signed an order in the severed cause number denying Albaz's and Crossland's motion to reconsider the August 8th order denying their motion to compel arbitration with respect to the enforcement claim and affirming the August 8th order with respect to that claim.

7

On October 27, 2017, Albaz and Crossland filed an amended notice of interlocutory appeal from the October 25, 2017[2] order in the main cause number which grants the motion to compel arbitration with respect to all the claims, except for Abbou's claim for enforcement of the Note that had previously been severed, and effectively denies their request for a stay because it orders the parties to conduct discovery and proceed to mediation before arbitrating their claims.

On November 28, 2017, Albaz and Crossland filed a Petition for Writ of Mandamus challenging the severance and arbitration orders entered by the trial court in both cause numbers.

## B.    Promissory Note

On May 18, 2016, Albaz and Abbou executed the Note, which has a principal amount of $22,500.00 that matured on July 5, 2016. The Note does not mention the Agreement or Crossland.

## C.    The Agreement

On May 18, 2017, Abbou, Yosef, and Crossland executed the Agreement, which memorialized Abbou's transfer of his interest in Crossland to Yosef. The Agreement states that Abbou will transfer his interest in Crossland to Yosef "[i]n consideration of [$45,000.00] and other valuable consideration, with $22,500.00

---

[2]    The notice of appeal mistakenly identifies the order as having been signed on October 26, 2017.

8

payable by [Yosef] to [Abbou] on May 18, 2016 and $22,500.00 payable by [Yosef] to [Abbou] on or before July 5, 2016."

Paragraph 6(h)(a) of the Agreement states that Abbou is responsible for "all lawsuits (collectively "Claims") that may arise out of conduct occurring prior to [May 18, 2017] ("Prior Conduct") and [Abbou] shall indemnify and hold [Crossland] and [Yosef] harmless from any and all Claims regarding such Prior Conduct." Paragraph 13 of the Agreement states:

> Any claim or controversy arising directly or indirectly out of this Agreement that cannot be resolved by direct negotiation will be mediated in Harris County, Texas as provided in chapter 154 of the Texas Civil Practice and Remedies Code. Any claim or controversy arising directly or indirectly out of this Agreement that has not been resolved in mediation shall be submitted to binding arbitration in Harris County, Texas in accordance with the commercial rules of the American Arbitration Association. Buyer and Seller shall equally share all costs of mediation or arbitration.

**Petition for Writs of Mandamus**

In their petition for writ of mandamus, Albaz and Crossland argue that the trial court abused its discretion by: (1) denying the motion to compel arbitration on Abbou's claim on the Note because that claim arose directly or indirectly out of the Agreement; (2) severing Abbou's claim on the Note because that claim was arbitrable under the Agreement and involves the same facts and issues as the unsevered claims; (3) refusing to order arbitration on the unsevered claims and stay

9

its proceedings; and (4) collectively, refusing to order arbitration of all of the claims and stay all judicial proceedings.

Albaz and Crossland further contend that they are entitled to mandamus relief because they do not have an adequate remedy on appeal with regard to any of these abuses of discretion.

## A.    Standard of Review

Generally, to be entitled to mandamus relief, the relator must demonstrate that the trial court abused its discretion and that she has no adequate remedy by appeal. *See In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 299 (Tex. 2016) (orig. proceeding). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without regard to guiding legal principles. *Id.* at 293–94. A trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* at 294. Thus, the trial court's failure to analyze or apply the law correctly constitutes an abuse of discretion. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). Mandamus is an extraordinary remedy issued not as a matter of right but at the court's discretion. *See In re Reece*, 341 S.W.3d 360, 374–75 (Tex. 2011) (orig. proceeding).

The adequacy of appeal as a remedy for an alleged clear abuse of discretion in an interlocutory ruling involves a balance of jurisprudential considerations. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 134, 135 (Tex. 2004). "The operative word,

'adequate,' has no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *Id.* at 136.

## B. Enforcement of the Note

In the first issue in the petition for writ of mandamus, Albaz challenges the trial court's October 25, 2017 order denying the motion to reconsider the court's August 8, 2017 order denying Albaz's initial motion to compel arbitration of Abbou's claim for enforcement of the Note. According to Albaz, the trial court abused its discretion when it refused to compel arbitration on Abbou's claim because that claim arose directly or indirectly out of the Agreement. Albaz further contends that Abbou's claim for enforcement of the Note is intertwined with the other claims in this case that the trial court has found to be arbitrable, and he does not have an adequate remedy on appeal of the trial court's refusal to compel arbitration of the claim on the Note because he will be forced to litigate and arbitrate these issues in parallel in two separate proceedings.

Albaz could have challenged the trial court's August 8, 2017 order denying the initial motion to compel arbitration of the claim on the Note by filing a timely interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.098(a)(1) (West 2011). Albaz's October 18, 2017 notice of interlocutory appeal challenging the

August 8, 2017 order, however, was untimely. *See* Tex. R. App. P. 28.1(a) (appeals from interlocutory orders are accelerated), 26.1(b) (notice of appeal must be filed within twenty days after interlocutory order is signed to timely perfect accelerated appeal). Albaz does not argue, much less demonstrate, "that a timely filed, accelerated appeal would not have afforded [him] a complete and adequate remedy" in this case. *In re Santander Consumer USA, Inc.*, 445 S.W.3d 216, 222–23 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding) (denying petition for writ of mandamus because relator, who could have challenged order denying motion to compel arbitration by interlocutory appeal, failed to "establish the inadequacy of its remedies on appeal").

We deny the petition for writ of mandamus with respect to his first issue. *See id.*; *see also In re Reece*, 341 S.W.3d at 374–75 (observing that mandamus is extraordinary remedy issued not as matter of right but at court's discretion).

## C.     Severance of Abbou's Claim for Enforcement of the Note

In his second issue, Albaz argues that the trial court abused its discretion by severing Abbou's claim for enforcement of the Note because the Note was given in consideration for the Agreement, and Abbou's claim and Albaz's affirmative defenses to that claim are interwoven with, and involve the same facts and issues as, the unsevered claims which are related to the Agreement.

12

The Rules of Civil Procedure give trial courts broad discretion in deciding whether to sever claims. TEX. R. CIV. P. 41; *see Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996). Under Rule 41, "[a] claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues." *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). In other words, severance is not appropriate when the claims are largely interwoven and most of the evidence introduced will be admissible on both claims. *See Pierce v. Blalack*, 535 S.W.3d 35, 42 (Tex. App.—Texarkana 2017, no pet.) (citing *Liberty Nat'l Fire Ins.*, 927 S.W.2d at 630). "The controlling reasons for a severance are to do justice, avoid prejudice and further convenience." *Guar. Fed. Sav. Bank*, 793 S.W.2d at 658.

Mandamus is the appropriate avenue for seeking review of a trial court's interlocutory severance order. *Beckham Grp., P.C. v. Snyder*, 315 S.W.3d 244, 245 (Tex. App.—Dallas 2010, no pet.).

Albaz and Crossland do not dispute that the original lawsuit involves more than one cause of action or that Abbou's claim for enforcement of the Note would be the proper subject of a lawsuit if independently asserted. The question presented is whether the claim for enforcement of the Note is "so interwoven with the

13

remaining action that they involve the same facts and issues." *Guar. Fed. Sav. Bank*, 793 S.W.2d at 658.

This case began when Abbou filed suit against Albaz for enforcement of the Note. To collect on the Note, Abbou must only establish that: (1) the Note exists; (2) Abbou is the Note's legal owner and holder; (3) Albaz is the maker of the Note; and (4) a certain balance on the Note is due. *See Suttles v. Thomas Bearden Co.*, 152 S.W.3d 607, 611 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Specifically, Abbou alleged that Albaz executed the Note on May 18, 2016, Abbou is the Note's legal owner and holder, and Albaz failed to pay Abbou the $22,500 payable to Abbou on the maturity date, July 5, 2016.

Abbou later added claims against Albaz for fraud, civil conspiracy to commit fraud, theft of property, breach of fiduciary duty, and promissory estoppel based on allegations that Albaz made fraudulent misrepresentations to Abbou about the operation of Crossland, Albaz made unauthorized withdrawals from Crossland's bank account before Abbou sold his interest in Crossland, and Albaz refused to return Abbou's personal property. Albaz also asserted a cross-claim against Crossland, demanding repayment of the loans that he had made to Crossland beginning in March 2015, and Crossland asserted claims against Abbou for fraud, breach of fiduciary duty, conversion, money had and received based on tortious conduct that Abbou had allegedly engaged in before he sold his interest in Crossland,

14

and breach of the Agreement for failing to indemnify Crossland. Thus, the record reflects that these additional claims and cross-claims are either based on events prior to the Note's execution or unrelated events, such as Abbou's theft of property claim against Albaz based on Albaz's alleged refusal to return Abbou's personal property.

Albaz and Crossland argue that Albaz's affirmative defenses, such as misrepresentation, fraud, offset, and failure of consideration, and "Abbou's likely responses to these defenses," necessarily concern the facts and circumstances surrounding Abbou's sale of Crossland, as memorialized by the Agreement. Aside from such conclusory assertions, Albaz and Crossland have offered little explanation as to precisely how these claims and defenses are related and we cannot consider any response Abbou may raise in the future regarding Albaz's affirmative defenses for purposes of our review of the severance order. *See In re Bristol-Myers Squibb Co.*, 975 S.W.2d 601, 605 (Tex. 1998) (stating that when considering whether trial court abused its discretion by granting motion to sever, appellate court's review is limited to record as it existed before trial court at time of ruling). Furthermore, even if the enforcement claim and affirmative defenses to that claim share some facts and evidence with the non-severed claims, Albaz and Crossland have not explained which evidence would be admissible in both proceedings. *See generally Pierce*, 535 S.W.3d at 42 (stating severance is inappropriate when most evidence introduced will be admissible as to both severed and non-severed claims).

Albaz also argues that Abbou's claim on the Note is not severable for many of the same reasons that it is arbitrable under the Agreement. As previously discussed, Albaz and Crossland are not entitled to mandamus relief with respect to the claim that the trial court abused its discretion by refusing to compel arbitration of Abbou's claim on the Note. Furthermore, even if Abbou's claim on the Note is arbitrable under the Agreement, Albaz has not cited us to any binding authority holding that a trial court abuses its discretion by severing an arbitrable claim from other claims subject to the same arbitration agreement if the severed claims are otherwise severable.

Because Albaz and Crossland have not demonstrated that the trial court abused its discretion by severing Abbou's claim for enforcement of the Note, they are not entitled to mandamus relief on this issue.

## D. Refusal to Stay Judicial Proceedings

In the third issue in their petition for writ of mandamus, Albaz and Crossland argue that the trial court abused its discretion by finding all the claims remaining in the original cause number to be arbitrable, but effectively refusing to stay all judicial proceedings regarding those claims, as mandated by Texas Civil Practice and Remedies Code section 171.021. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.021(c) (West 2011) (requiring order compelling arbitration to "include a stay of any proceeding subject to Section 171.025"); *id.* § 171.025 (West 2011) (requiring

16

court to stay any "proceeding that involves an issue subject to arbitration if an order for arbitration or an application for that order is made").

Albaz and Crossland are also challenging the trial court's refusal to stay its proceedings in their interlocutory appeal under section 171.098 of the Texas Arbitration Act. Section 171.098, however, does not permit an interlocutory appeal from an order denying a request to stay judicial proceedings. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.098 (West 2011).[3] Therefore, the court will treat their interlocutory appeal as a petition for writ of mandamus. *See generally In re Devon Energy Corp.*, 332 S.W.3d 543, 547–48 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ("Mandamus is the proper means to address a trial court's failure to stay litigation.") (citing *In re Merrill Lynch Trust Co.*, 235 S.W.3d 185, 188 (Tex. 2007)).

Section 171.021(c) states that "[a]n order compelling arbitration must include a stay of any proceeding subject to Section 171.025." TEX. CIV. PRAC. & REM. CODE § 171.021. But "[t]he stay applies only to the issue subject to arbitration if that issue is severable from the remainder of the proceeding." *Id.* § 171.025(b). When parties have entered into a valid agreement to arbitrate, a trial court must compel arbitration

---

[3] Abbou also contends that while the Federal Arbitration Act authorizes an interlocutory appeal from orders "refusing a stay of any action under section 3 of this title," and the denial of a "petition under section 4 of this title to order arbitration to proceed," "there is no authority that supports the contention that an interlocutory order directing the parties to proceed in accordance with the terms of the agreement is appealable" under the FAA. Albaz and Crossland, however, do not argue that they have authority to bring an interlocutory appeal based on the FAA.

17

and stay its own proceedings. *See* TEX. CIV. PRAC. & REM. CODE § 171.021; *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 56 (Tex. 2008).

Albaz and Crossland argue that once the trial court found that the claims remaining after severance were arbitrable, the trial court was required to order the parties to arbitration and stay all judicial proceedings in the original cause number pursuant to sections 171.021(c) and 171.025. They further contend that the trial court abused its discretion by refusing to do so and ordering the parties to arbitration "following adequate discovery, including but not limited to the deposition of Yakov Albaz and unsuccessful mediation."

Abbou responds that the trial court did not abuse its discretion by refusing to grant the stay because the TAA does not apply to the Agreement. *See generally* TEX. CIV. PRAC. & REM. CODE § 171.002(a)(2) & (b) (West 2011).[4] Abbou did not present this argument to the trial court and we are only permitted to affirm a judgment on a legal theory that was properly before the trial court. *See Victoria Gardens of Frisco v. Walrath*, 257 S.W.3d 284, 290 (Tex. App.—Dallas 2008, pet. denied); *see also Guar. Cty. Mut. Ins. Co. v. Reyna*, 709 S.W.2d 647, 648 (Tex. 1986) (court of appeals must uphold lower court judgment on any legal theory before it, even if court gives incorrect reason for its judgment); *Brocail v. Detroit Tigers, Inc.*, 268 S.W.3d

---

4    Abbou raises this argument in his response in the interlocutory appeal. He does not directly address the propriety of the stay in his response to the petition for writ of mandamus.

18

90, 99 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (appellate court will affirm on any legal theory "expressly placed at issue and supported by the evidence"). Because Abbou did not raise this argument below, we will not consider it on appeal.

Abbou also contends that the trial court never decided the arbitrability of the claims that he added in his fourth amended petition. Abbou did not raise this argument below and, in any case, the trial court's October 25, 2017 order states that the court found that "*all the claims* in this case after severance in [the original cause number] are subject to arbitration." (Emphasis added).

Abbou also argues that the trial court did not abuse its discretion by refusing to compel arbitration and grant the stay because Albaz and Crossland did not establish that any of the claims were arbitrable. If the court addresses this argument, the court will be effectively reviewing the trial court's *grant* of the motion to compel arbitration. First, a party cannot challenge the *granting* of a motion to compel arbitration by interlocutory appeal. *See In re Gulf Expl., LLC*, 289 S.W.3d 836, 839 (Tex. 2009) (orig. proceeding). Second, although such an interlocutory order may be challenged by a petition for writ of mandamus, Abbou has not filed a petition for writ of mandamus or asked for relief on this basis.

In this case, the trial court found that the parties had entered into a valid agreement to arbitrate with respect to all of the claims in the case, except for the

claim on the Note which had already been severed into a separate cause number. Because the court found that the claims in the original cause number were arbitrable, the court was required to stay judicial proceedings with respect to those claims. *See* TEX. CIV. PRAC. & REM. CODE §§ 171.021(c) & 171.025.

By requiring Albaz and Crossland to conduct "adequate discovery, including but not limited to the deposition of Yakov Albaz" and mediate arbitrable claims before proceeding to arbitration, the trial court has effectively deprived Albaz and Crossland of their right to stay judicial proceedings pending arbitration. Forcing the parties to engage in "adequate discovery," without defining or limiting the scope of such activity, also impedes Albaz and Crossland's right to a speedy resolution of the arbitrable claims raised in this litigation. *See generally In re Prudential Ins.*, 148 S.W.3d at 136; *In re MHI P'ship, Ltd.*, 7 S.W.3d 918, 922–23 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (holding trial court had no discretion to defer ruling on motion to compel arbitration until after discovery was completed because deferral substantially defeated purpose of arbitration which is to allow for "speedy dispute resolution").

Because the trial court abused its discretion by not staying judicial proceedings in the original cause number after finding the claims arbitrable, we must now determine whether Albaz and Crossland have an adequate remedy on appeal with respect to this issue.

20

The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Prudential Ins.*, 148 S.W.3d at 136. In evaluating benefits and detriments, courts consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *Id.* Generally, "[a]n appeal is inadequate when the parties are in danger of permanently losing substantial rights." *In re Drobny*, No. 01-15-00435-CV, 2016 WL 4537076, at *6 (Tex. App.—Houston [1st Dist.] Aug. 30, 2016, no pet.) (orig. proceeding) (citing *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004)); *see also Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272–73 (Tex. 1992) (granting mandamus relief where party "would be deprived of the benefits of the arbitration clause it contracted for, and the purpose of providing a rapid, inexpensive alternative to traditional litigation would be defeated").

Because the trial court's order would permanently deprive Albaz and Crossland of their bargained-for right to meaningful arbitration of the claims in this case, we conclude that Albaz and Crossland do not have an adequate remedy by appeal of the trial court's refusal to stay judicial proceedings in the original cause number. *See In re Prudential Ins.*, 148 S.W.3d at 138; *see also In re Drobny*, 2016 WL 4537076, at *6.

We sustain Albaz and Crossland's third issue.

21

**E.    The August 2017 and October 2017 Orders**

In their fourth issue, Albaz and Crossland argue that all of the claims in this case, including Abbou's claim for enforcement of the Note, are subject to the Agreement's arbitration clause, and, therefore, the trial court abused its discretion by severing the claim on the Note and effectively refusing to stay judicial proceedings regarding all the claims asserted in this litigation. As previously discussed, Albaz and Crossland are only entitled to mandamus relief with respect to the trial court's refusal to stay judicial proceedings in the original cause number. They are not entitled to relief from the trial court's severance of the claim on the Note or its refusal to compel arbitration on that claim. We overrule their fourth issue.

### Conclusion

We conditionally grant mandamus relief in Cause Nos. 01-17-00910-CV and 01-17-00804-CV, which we treat as a petition for writ of mandamus, and we deny mandamus relief in Cause No. 01-17-00911-CV. We are confident the trial court will comply, and our writ will issue only if it does not. Any pending motions are dismissed as moot.


Russell Lloyd
Justice


Panel consists of Justices Bland, Lloyd, and Caughey.